[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:MOTION TO STRIKE #120; MOTION FOR SUMMARY JUDGMENT #123,AND MOTION FOR SUMMARY JUDGMENT #126
I. FACTS
The plaintiffs, Jose and Ada Ortiz, filed a two-count revised complaint on August 5, 1996, against the defendants, Robert and Lucila Ford, and Kenneth Willette. The plaintiffs allege that on August 1, 1994, their daughter, Andrea Ortiz, was a passenger in a motor vehicle owned by Lucila Ford and operated by Robert Ford, which collided with a vehicle being operated by Willette. As a result of the collision, Andrea Ortiz suffered severe and permanent injuries. The plaintiffs were called to the scene and viewed their daughter, who had been ejected from the Ford's vehicle upon impact. The plaintiffs allege in count one that the negligence of the Fords has caused them to suffer extreme mental pain and anguish from observing their daughter at the accident scene. The plaintiffs bring an identical cause of action against Willette in count two.
On October 29, 1997, the Fords filed an answer and special defense to the first count of the revised complaint. In their special defense the Fords assert that on September 25, 1995, Jose Ortiz filed a lawsuit against all the named defendants, which sought recovery on a theory of filial consortium based on the same facts as the present case. The original action was struck by the court, Maiocco, J., on May 30, 1996. The Fords argue that Jose Ortiz's claims in the present case are barred by the doctrine of res judicata on three grounds: first, that Jose Ortiz filed, but then withdrew, a motion to reargue or reconsider the order striking the original complaint in light of the Supreme Court's ruling in Clohessy v. Bachelor, 237 Conn. 31, 675 A.2d 857 (1996), and filed no further pleadings after the court's order; second, the CT Page 4744 original action was dismissed due to Jose Ortiz's eventual failure to prosecute with reasonable diligence; and third, that Jose Ortiz had the opportunity to litigate his claims in the original action, but did not do so.
On November 4, 1997, the plaintiffs filed a motion to strike the Fords' special defense. Arguing that the original lawsuit was a claim for loss of filial consortium, while the present action seeks damages for bystander emotional distress, which is a separate and distinct cause of action. The plaintiffs also argue that a judgment based upon a failure to prosecute is not a judgment rendered on the merits, and therefore the doctrine of res judicata is inapplicable.
The Fords filed an objection to the motion to strike on November 17, 1997.[1] The Fords also filed a motion for summary judgment on November 17, 1997, arguing that bystander emotional distress cannot be brought derivatively, that there is no evidence showing that the plaintiffs have suffered serious emotional injuries, and that the doctrine of res judicata bars Jose Ortiz's claims in the first count of the complaint. Willette filed a motion for summary judgment on December 16, 1997 on the same grounds.[2] The plaintiffs filed an objection to the Fords' motion for summary judgment on December 16, 1997, and on January 2, 1998, indicated that their objection to Fords' motion for summary judgment was being adopted and incorporated in response to Willette's motion for summary judgment. The matter was heard by the court on February 23, 1998.
II.DISCUSSION
A. Plaintiffs' Motion To Strike
The Fords argue that Jose Ortiz had an opportunity to litigate his claim of bystander emotional distress in the original claim he brought for filial consortium, since both claims arise from the same facts. The Fords also argue that the entry of a motion to strike for failure to plead in response, and the judgment thereafter, although not a judgment on the merits, can be considered a final judgment with regard to res judicata. The plaintiffs argue that they have brought an entirely new cause of action for bystander emotional distress in this suit, as distinguished from the original claim for filial consortium. Therefore, the plaintiffs argue, they have not had the opportunity to redress their grievances for bystander emotional distress. The plaintiffs also argue that a dismissal for failure to prosecute pursuant to Practice Book § 251[3] is not an adjudication on the merits for purposes of res judicata. CT Page 4745
 "[U]nder the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim [or any claim based on the same operative facts that] might have been made. . . ." (Emphasis added; internal quotation marks omitted.) Connecticut National Bank v. Rytman, 241 Conn. 24, 43-44, 694 A.2d 1246 1997).
However, it has been consistently decided that "a dismissal entered pursuant to Practice Book § 251 is not an adjudication on the merits that can be treated as res judicata. LaCasse v. Burns, 214 Conn. 464,473, 572 A.2d 357 (1990).[4] Accordingly, the Ortiz' motion to strike the defendants' special defense of res judicata should be granted, as the entry of judgment pursuant to Practice Book § 251 does not constitute a final judgment on the merits for purposes of the application of res judicata.
B. Defendants' Motion For Summary Judgment
The defendants argue that there is no genuine issue of material fact to support the plaintiffs' claim that they suffered serious emotional injury. The defendants argue that pursuant to Clohessy, the plaintiffs must prove four elements to recover on a claim of bystander emotional distress, including a showing that the plaintiffs have sustained serious emotional injury. The defendants argue that the plaintiffs cannot show that they have suffered serious emotional injury, as they have offered no medical reports or testimony or other evidence indicating that the plaintiffs suffer from a disorder that is both severe and debilitating. The plaintiffs argue that through discovery, the plaintiffs have indicated that they suffer from depression, mental pain and anguish, insomnia and absent-mindedness. The plaintiffs argue that this raises a question of fact as to whether the mental injuries complained of are serious.
"Serious emotional distress . . . goes well beyond simple mental pain and anguish. Compensation for mental pain and anguish over injury to a third person should only be allowed where the emotional injury is both severe and debilitating. . . ." Clohessy v. Bachelor, supra,237 Conn. 56. In formulating the requirements for bringing a bystander emotional distress claim, the court cited to several foreign jurisdiction's rulings. The court determined that a severe mental problem would include the plaintiff showing an emotional or mental disorder, such as neurosis, psychosis, chronic depression, phobia and shock. Id. The court also cited Sorrells v. M.Y.B. HospitalityCT Page 4746Ventures of Asheville, 334 N.C. 669, 672, 435 S.E.2d 320 (1993), which referred to these and any other type of severe and disabling emotional or mental condition which may be generally recognized anddiagnosed by professionals trained to do so. Clohessy v. Bachelor
supra, 237 Conn. 55. The court cited Heldreth v. Marrs, 188 W. Va. 481,490, 425 S.E.2d 157 (1992), for the proposition that serious emotional distress resulting from witnessing a closely related person critically injured or killed can be, in some cases, as debilitating and as severe as a physical injury and that, more importantly, serious emotional distress can be diagnosed even in the absence of any physical manifestation, and can be proven with medical and psychiatric evidence.Clohessy v. Bachelor, supra, 237 Conn. 55. The court concluded that the serious emotional injury "may be purely emotional and need not manifest itself physically." Id., 54.
The plaintiffs have alleged that as a result of the negligence of the defendants, they have suffered and continue to suffer extreme mental pain and anguish from observing their daughter at the accident scene immediately after the collision. Jose Ortiz stated that his injuries include extreme mental pain and anguish, depression, shock, insomnia, nervousness, poor concentration, absent-mindedness, and lack of energy and enthusiasm. (Motion For Summary Judgment, Exhibit 2A, Interrogatories of Jose Ortiz, August 16, 1996). Jose Ortiz disclosed that he had not undergone any formal medical care or treatment, and that his injuries include a dislike for being in his house where his daughter resides, and a lessening of enthusiasm concerning his work. (Motion For Summary Judgment, Exhibit 2A, Interrogatories of Jose Ortiz, August 16, 1996). In his deposition, Jose Ortiz indicated that he has continued to work at the job he held before his daughter's accident. (Motion For Summary Judgment, Exhibit 4, Deposition of Jose Ortiz, July 22, 1997, p. 6). Jose Ortiz related that he has not sought any counseling or treatment for himself because he did "not see how that can help me from the problem that I have, is my daughter not walking no more. . . . And I don't like to talk to people about my personal stuff, and my wife is the same." Motion For Summary Judgment, Exhibit 4, Deposition of Jose Ortiz, July 22, 1997, p. 32). Jose Ortiz further related that he has continued to participate in recreational activities such as golf and racquetball, as he did before his daughter's accident, on a continuing and frequent basis. (Motion For Summary Judgment, Exhibit 4, Deposition of Jose Ortiz, July 22, 1997, pp. 33-34).
Ada Ortiz disclosed that she suffers from the same mental anguish as her husband, and that she has not undergone any formal medical care or treatment. (Motion For Summary Judgment, Exhibit 2B, Interrogatories CT Page 4747 of Ada Ortiz, August 16, 1996). Ada Ortiz also disclosed that the nature of her disability includes crying when she takes care of her daughter. (Motion For Summary Judgment, Exhibit 2B, Interrogatories of Ada Ortiz, August 16, 1996). In her deposition, Ada Ortiz indicated that she continues to work at the job she held before her daughter's accident. (Motion For Summary Judgment, Exhibit 3, Deposition of Ada Ortiz, July 22, 1997, pp. 8-9).
The defendants have put forth sufficient evidence showing that there is no disputed issue regarding the plaintiffs' injuries. Based on the plaintiffs' responses to interrogatories, the plaintiffs have failed to introduce evidence putting this issue in dispute. The plaintiffs' depositions do not raise genuine issues of material fact. In addition, the plaintiffs have offered no expert medical diagnoses or reports supporting the allegations that they are suffering extreme mental pain and anguish. Despite the unarguably traumatic effect their daughter's injury has had on their lives, the plaintiffs have not raised a genuine issue of material fact demonstrating that they are suffering from a severe and debilitating injury as a result of seeing their daughter shortly after the accident.[5] Because the plaintiffs have failed to demonstrate that they are suffering from a type of "severe and debilitating" mental injury as required by Clohessy, the plaintiffs cannot recover for bystander emotional distress as a matter of law. Consequently, the defendants' motions for summary judgment should be granted.
III. CONCLUSION
Accordingly, the plaintiffs' motion to strike the Fords' special defense of res judicata hereby Granted. The defendants' motion for summary judgment is also hereby Granted.[6]
MELVILLE, J.